**BY ECF**                                                                                September 9, 2019

**Honorable Ronnie Abrams, U.S.D.J.**
**United States District Court**
     **for the Southern District of New York**
**Thurgood Marshall United States Courthouse**
**40 Foley Square Courtroom 1106**
**New York, NY 10007**

   Re:    *Capital Art, Inc. v. Sit Down New York, Inc.*
            Docket No. 1:19-cv-4454-RA

Dear Judge Abrams,

   Pursuant to Your Honor's July 25, 2018 Order (Dkt. 8) Plaintiff Capital Art, Inc. ("Plaintiff," or "Capital Art") and Defendant Sit Down New York, Inc. ("Defendant," or "Sit Down New York") jointly submit this letter in anticipation of the Status Conference scheduled for 12:00pm on September 13, 2019.

   1. **Brief Description of the Case**

   **Plaintiff's Perspective**

   Capital Art is a photo agencies in the business of licensing and sellings its photographs of Hollywood stars for a fee. Capital Art owns a photograph of singer Frank Sinatra.

   Sit Down was selling a prints of the Frank Sinatra photograph for $369.000

   Capital Art asserts that the Sit Down New York's infringement was willful, intentional, purposeful, and in disregard or indifference to Capital Art's rights in the photograph.

   **Defendant's Perspective**

   Defendant denies infringement, and especially denies willful infringement.  Defendant purchased the item in question from a vendor that represented that it had the authority to sell the item.

   2. **Jurisdiction**

   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).  This Court has personal jurisdiction over the Defendant because the Defendant resides in and is transacting business in New York.  Venue is also proper in this District pursuant to 28 U.S.C.§1391(b).

   3. **Contemplated Motions**

   **Plaintiff**

Plaintiff anticipates that following the closing of discovery, it will file a motion for summary judgment against Defendant on liability for copyright infringement.

**Defendant**

Defendant has no contemplated motions at this time.

4. **Discovery**

**Plaintiff's Perspective**

No discovery has taken place as of yet. Plaintiff would like to have discovery regarding the profits of the sale of the Photograph, where they received the photograph, and willfuliness of the use of the Photograph.

**Defendant's Perspective**

Defendant plans on seeking discovery regarding Plaintiff's alleged ownership of the work, and any revenues gained from sale of the work, including licenses.

5. **Prospect for Settlement**

**Plaintiff's Perspective**

The parties engaged in a preliminary settlement discussion. However, the parties are apart and would like discovery to commence. The parties will continue settlement discussions during discovery. Plaintiff would need to have discovery before a mediation occurs. Plaintiff would like the case referred to the SDNY mediation program after fact discovery.

**Defendant's Perspective**

Defendant remains open to settlement, and requests a Settlement Conference before a Magistrate Judge following written discovery, but before depositions.

6. **Trial Length**

2-3 days

Respectfully Submitted,

/s/Richard P. Liebowitz
Richard P. Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580

(516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Capital Art*